**WHITENER TRANSFER & STORAGE, INC., et al., Appellants,**

v.

**GENERAL MOVING & STORAGE, INC., et al., Appellees.**

No. 11020.

Court of Civil Appeals of Texas.

Austin.

Jan. 16, 1963.

Rehearing Denied Feb. 6, 1963.

Phinney, Hallman & Pulley, Wm. E. Livingstone, III, Dallas, for appellants.

Christopher & Bailey, Fort Worth, for appellees.

ARCHER, Chief Justice.

This is an appeal by Whitener Transfer & Storage, Inc., Tarry Moving & Storage Co.; Roy Wilson, dba Wilson Transfer & Warehouse; Lloyd A. Anderson, dba J. D. Moore Transfer & Storage; Texas Fireproof Storage Co., Inc.; Fidelity Bonded Warehouse Co.; J. C. Netzer; Armstrong Transfer & Storage Co., Inc.; Luther Transfer & Warehouse Co., Inc.; Binyon O'Keefe Warehouse Co.; Binyon O'Keefe Transport Co.; Allied Van Lines, Inc.;

Luther Transfer & Storage, Inc.; Scobey Fireproof Storage Co., Inc.; Great Southwest Warehouses, Inc.; International Moving & Warehouse Co.; J. B. Craddock, Jr.; Jack C. Aspinwall, Jr.; and Stewart C. Johnson, appellants herein, from an order entered May 24, 1962 by the 53rd Judicial District Court of Travis County, Texas, overruling the pleas of privilege of appellants.

Appellees, certain household goods motor carriers, filed their suit in the 53rd District Court of Travis County, Texas, in two counts, the first being an appeal from certain orders of the Railroad Commission of Texas approving sales and transfers of household goods operating certificates.

The second count is a declaratory judgment action seeking the Court's support of appellees' theory that contracts between appellants and Allied Van Lines, Inc. pertaining to the transfer of certain household goods operating authority are in violation of State Anti-Trust Laws. Based on this theory, appellees contend the Railroad Commission of Texas has no jurisdiction to approve applications for sale and transfer based on contracts of the type about which appellees complain.

Appellants filed Pleas of Privilege asserting their basic right to be sued in the County of their residence, and appellees controverted these Pleas relying on subdivisions 4 and 29a of the Venue Statute, Article 1995, Vernon's Ann.Civ.St.

A hearing on the Pleas of Privilege was held on the 1st day of June, 1961, with a further hearing being held on the 24th day of May, 1962. Pursuant to these hearings an order was entered on the 24th day of May, 1962, overruling the Pleas of Privilege.

The appeal is based on two points of error and are:

"1. Exception 29a of the Venue Statute is not applicable because a resident defendant is involved, and

29a is purely ancillary to operation of other venue exceptions.

"2. Appellees failed to establish a necessary venue fact of subdivision 4 of the Venue Statute when they failed to prove a cause of action against the resident defendant."

Appellees take the position that all necessary venue facts were established under Exception No. 4 to the General Rule of Venue, Article 1995, and rely thereon.

This appeal involves only the question of venue, the several appellants having filed pleas of privilege except the defendants Lewis O. Wallin and Allen C. Clark, residents of Travis County, which pleas were controverted.

The plaintiffs alleged that the Commission was without statutory authority and acted beyond the scope of its jurisdiction, and in disregard of the public policy of the State, and that the contracts attached to the applications are void under the provisions of Article 7437.

By subsequent count plaintiffs sought a declaration of rights, status and legal relations as between appellees and all of the appellants, and the Commission as to its rights to authorize sales and transfers where it appears that such are violative of the Anti-Trust Laws.

Allegations were made that Allied is a very large carrier of household goods, and operates throughout the United States, maintaining several hundred offices for solicitation of traffic, moving in interstate and intrastate, twenty-nine of such agencies being within this State.

Further allegations were, that the appellants have entered into a combination and conspiracy in violation of the laws of Texas, through combination of capital and skill for the purpose of carrying out restrictions in trade, and to prevent or lessen competition.

Allegations were made that Allied late in 1959 and early in January, 1960, caused to

be filed nineteen applications to purchase various certificates of local intrastate carriers; that each had attached contracts in identical terms; that such were denied by the Commission.

That subsequently Allied and each of the selling carriers filed separate applications, similar in terms and tenure; that the appellants are acting together in furtherance of the conspiracy.

Hearing was had on June 1, 1961 and a further hearing on May 24, 1962, and the facts alleged were sought to be established. The appellants did not offer any evidence. It was stipulated that defendants Lewis O. Wallin and Allen C. Clark are residents of Travis County. Many exhibits, of the applications and maps showing the operating authority as to origin and destination, which were being sold to Allied, were offered in evidence.

The several Pleas of Privilege are similar in terms and contentions, if not in exact terms, and in like manner the controverting pleas are similar in terms and context.

Appellees rely on Exception No. 4 to the General Rule of Venue, Article 1995, and recognize that they must establish the venue facts, that (a) the actual residence of one of the named defendants is in the county where the suit is brought, (b) the existence of a bona fide cause of action against the resident defendant, and (c) that the pleading alleging a joint cause of action against such resident defendant and the non-resident defendant, or a cause of action against the resident defendant are so intimately connected with the alleged cause of action against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits.

Appellants admit the existence of (a) in this case, and while not admitting the existence of (c), appellants devote their attention and argument in this appeal to (b), contending that appellees have failed to prove the existence of a bona fide cause of

action against the resident defendants, Wallin and Clark.

We believe that appellees did prove a bona fide cause of action. A conspiracy was fully alleged in plaintiff's petition and was substantiated by the evidence.

In San Antonio Gas Co. v. State, 22 Tex. Civ.App. 118, 54 S.W. 289, er. ref., the Court set out in detail what combinations and conspiracies are and the remedies afforded and pleadings and proof of such. Since the decision is long we do not copy it herein.

In this present case the agency contract between Allied and Wallin and Clark designated as agents, agree "to perform and discharge loyally, diligently and efficiently, all duties and responsibilities of such agency and employment, * * * strictly in compliance with carrier's then reasonable rules and regulations."

The agent is required to furnish any and all and every facility, including personnel for carrying on the carrier's business and, to pay its share of Allied's costs of operation.

There were many exhibits offered into evidence and the above statements are from such evidence. Exhibit 59 is a copy of the carrier's rules and regulations, and reference is made to Allied's by-laws, wherein the operations "shall be conducted exclusively by the utilization of the facilities and equipment of the agents of the Company", and the agent is required to do everything that is required to carry on the transportation business, in compliance with the "reasonable rules and requirements" of Allied. The agent is required to file with Allied a registration of moving vans, tools and equipment, and to maintain, operate and supply the equipment, to hold Allied harmless against all liability, and to maintain public liability and property damage insurance at agent's cost, as well as workman's compensation or employee liability; provided that Allied shall have sole discretion to

investigate, settle and defend all claims, and provide for a division of loss or damage claims paid on a certain basis.

Provision is made in the contract for the use by the agent to use the name Allied Van-Lines, Inc. with his business name.

By Rule No. 25, Exhibit 59, the agent is required to keep money on deposit with Allied to finance its operation in such amounts, apportioned among all agents, as may be determined from time to time.

The compensation of agents is provided in Section 4 and sub-paragraph under Article XI of Allied's by-laws, and as such is long we do not insert such herein, but believe that this is a case of combination capital, skill or acts by two or more persons, firms, corporations or associations of persons, and with the effort to purchase the other named appellants herein, there is established the intent to monopolize the transportation of household goods and used furniture and equipment in this State, and an intent and effort to create, or which may tend to create, or carry out restrictions in trade or commerce, in the free pursuit of such business.

By Section 5 of Article XI of Allied's by-laws provision is made that there will be no interchange shipments with any other household goods carriers, unless they are required to do so by public authority.

It becomes apparent that this is a bona fide, if not a prima facie, case of combination and skill and acts contrary to our statutes, such as Articles 7426, 7427 and Articles 1632, 1633, 1634 and 1635 of the Penal Code.

All of the applications to purchase the several certificates were in similar form, tenure and effect as to compliance with Allied's by-laws. These applications were filed in close proximity in points of time, being filed two at a time; the first two having been filed on September 26, 1960, the next two on January 31, 1961, and the others at intervals of approximately sixty days.

We believe that venue has been established in Travis County where the case is pending and the judgment of the Trial Court is affirmed.

Affirmed.

PHILLIPS, J., not sitting.